UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ENTERPRISE MANAGEMENT LIMITED, INC., MARY LIPPITT,

Plaintiffs,

v.

CONSTRUX SOFTWARE BUILDERS, INC, STEVE C. MCCONNELL,

Defendants.

CASE NO. 2:19-CV-1458-DWC

ORDER DENYING MOTION TO COMPEL

Presently before the Court is Defendants Construx Software Builders, Inc. and Steve C. McConnell's Motion to Compel. Dkt. 39. The Court has considered the relevant record and finds the parties have not met and conferred regarding the discovery dispute. Therefore, the Motion to Compel (Dkt. 39) is denied.

**I. Background**

Defendants request the Court compel Plaintiffs Enterprise Management Limited, Inc. and Mary Lippitt to produce responses to discovery requests related to damages. Dkt. 39. The record reflects the parties discussed this discovery dispute by telephone on March 10, 2020. Dkt. 39-1,

Graham Dec., ¶ 8. Plaintiffs addressed several of the disputed issues following the telephone conference and the parties exchanged additional email communications in April 2020. *See id*. at ¶¶ 9-11. On May 29, 2020, the Court dismissed several claims in this case. Dkt. 37. Approximately one month later, on June 26, 2020, Defendants' counsel sent an email to Plaintiffs' counsel requesting supplements to Interrogatories 3 and 6 and Request for Production 19. Dkt. 39-1, Graham Dec., ¶ 11; Dkt. 39-1, p. 39. Defendants' counsel did not receive a response to the email and, on July 16, 2020, sent another email to Plaintiffs' counsel requesting Plaintiffs provide the supplemental responses or provide a time to meet and confer. Dkt. 39-1, Graham Dec., ¶ 11; Dkt. 39-1, p. 39. Defendants filed the Motion to Compel on July 20, 2020. Dkt. 49.

In response to Defendants' counsel's July 16, 2020 email, Plaintiffs' counsel was preparing a supplemental response to the discovery requests and initial disclosures. Dkt. 41, Ormiston Dec., ¶ 11. On July 20, 2020, within hours of Defendants filing the Motion to Compel, Plaintiffs' counsel sent an email to Defendants' counsel stating they would serve supplemental discovery responses by the end of the week. Dkt. 42-2. On July 31, 2020, Plaintiffs' counsel provided updated responses to the discovery requests and requested Defendants withdraw the Motion to Compel. Dkt. 41, p. 88.

## II. Discussion

A party may obtain discovery regarding any nonprivileged information that is relevant to any claim or defense in his or her case. Fed. R. Civ. P. 26(b)(1). Once the party seeking discovery has established the request meets this relevancy requirement, "the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Bryant v. Ochoa*, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009).

When a party believes the responses to his discovery requests are incomplete, or contain unfounded objections, he may move the court for an order compelling disclosure. Fed. R. Civ. P. 37.

Pursuant to Federal Rule of Civil Procedure 37(a)(1):

> . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

*See also* LCR 37(a)(1). "A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference." LCR 37(a)(1). If the movant fails to include such a certification, the court may deny the motion without addressing the merits of the dispute. *Id*.

Here, the Court finds Plaintiffs have provided responses to the disputed discovery requests. Therefore, Defendants have received the relief requested in the Motion to Compel. In the Reply, Defendants argue the discovery responses are inadequate. *See* Dkt. 42. However, there is no evidence the parties have met and conferred regarding Plaintiffs' responses to the discovery requests following the March 10, 2020 telephone call or the filing of the Motion to Compel. Therefore, Defendants' Motion to Compel should be denied. *See Jafari v. F.D.I.C.*, 2014 WL 7176460, at *4 (S.D. Cal. Dec. 5, 2014) (denying a motion to compel where the relief sought in the motion – discovery responses – were provided after the motion was filed and finding disputes raised for the first time in the reply were not properly before the Court, nor had the parties conferred regarding the issues raised in the reply).

**III. Caution to Counsel**

The Court finds the Motion should be denied as Plaintiffs have responded to the discovery requests; however, the Court cautions counsel as follows:

The Court is mindful that the lack of communication from Plaintiffs' counsel would be a frustration. The record shows Plaintiffs' counsel failed to timely respond to emails from Defendants' counsel. For example, Defendants' counsel did not receive a response to a June 26, 2020 email. *See* Dkt. 39-1, Graham Dec., ¶ 11. Further, Plaintiffs' counsel did not respond to Defendants' counsel's July 16 email until the afternoon of July 20, 2020, after the Motion to Compel had been filed earlier that day. *See* Dkt. 42-2. The Court notes a pattern of ignoring communications from opposing counsel is unacceptable.

The Court also reminds counsel of the Court's expectations for compliance with the meet and confer requirements. To satisfy the meet and confer requirements, counsel must *in good faith* confer or attempt to confer by telephone or in person regarding the discovery dispute. Here, the record shows Defendants' counsel did not make a good faith effort to meet and confer with Plaintiffs' counsel. On the morning of July 16, 2020, Defendants' counsel requested Plaintiffs' counsel provide a time to meet and confer if supplemental responses were not provided "right away." Dkt. 39-1, p. 39. Defendants' counsel did not make further attempts to discuss the discovery disputes with Plaintiff's counsel. For example, Defendants' counsel did not attempt to call Plaintiffs' counsel, nor did Defendants' counsel put Plaintiffs' counsel on notice that a motion to compel would be filed two-business days after the July 16, 2020 email if no response was immediately received. This does not meet this Court's meet and confer requirements.

## IV. Fees

Plaintiffs request costs and fees resulting from responding to the Motion to Compel. Dkt. 40. As the record reflects a lack of communication between counsel for both Plaintiffs and Defendants, the Court denies any request for costs and fees associated with the Motion to Compel.

**V. Conclusion**

For the above stated reasons, the Motion to Compel (Dkt. 39) is denied. The Court declines to award costs and fees to either Plaintiffs or Defendants. The Court strongly encourages the parties to attempt to resolve this matter without the Court's further involvement.

Dated this 27th day of August, 2020.

David W. Christel
United States Magistrate Judge