UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ENTERPRISE MANAGEMENT LIMITED, INC., MARY LIPPITT, <br><br> Plaintiff, <br><br> v. <br><br> CONSTRUX SOFTWARE BUILDERS, INC, STEVE C. MCCONNELL, <br><br> Defendant. | CASE NO. 2:19-CV-1458-DWC <br><br> ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to having this matter decided by the undersigned Magistrate Judge. Dkt. 11, 12. This matter comes before the Court on Defendants Construx Software Builders, Inc. and Steve McConnell's Motion for Summary Judgment. Dkt. 46. Plaintiffs Mary Lippitt and Enterprise Management Limited, Inc. oppose the motion. Dkt. 47. For the reasons discussed below, the motion is granted-in-part and denied-in-part.

## BACKGROUND

On September 11, 2019, Plaintiffs initiated this copyright infringement action, alleging Defendants unlawfully copied and distributed Plaintiffs' copyrighted materials. Dkt. 1.

On December 17, 2019, with leave of court (Dkt. 27), Plaintiffs filed an Amended Complaint alleging Defendants infringed three registered copyrights in violation of the "Copyright Act 17 U.S.C. § 501, et seq., Washington State Unfair Business Practices 19.86.010 et seq., and Washington State Personality Rights 63.60.010 et seq." Dkt. 29 at 1.

On December 26, 2019, Defendants filed a Motion to Dismiss for Failure to State a Claim, arguing Plaintiffs failed to state a copyright infringement claim, failed to state a personality rights claim, and their Consumer Protection Act claim is preempted by the Copyright Act. Dkt. 31. Plaintiffs filed their response on January 13, 2020. Dkt. 32. Defendants filed a reply on January 17, 2020. Dkt. 33. On March 17, 2020, this Court directed the parties to provide supplemental briefing in light of new Ninth Circuit case law. Dkt. 34. The parties submitted supplemental briefing on April 10, 2020. Dkt. 35, 36. Finally, on May 29, 2020, this Court granted-in-part and denied-in-part Defendants' Motion to Dismiss, finding Plaintiffs sufficiently stated a claim of copyright infringement of an organizational change chart, but failed to sufficiently state their remaining claims. Dkt. 37.

On November 5, 2020, Defendants filed the pending Motion for Summary Judgment of Plaintiffs' remaining copyright infringement claim. Dkt. 46. Plaintiffs filed their response on November 23, 2020. Dkt. 47. Defendants filed a reply on November 27, 2020. Dkt. 50.

## FACTS

Plaintiff Lippitt (Lippitt) is the President and sole owner of Plaintiff Enterprise Management Limited Inc. Dkt. 49 at 1. Lippitt owns three copyrights she claims Defendants

infringed. The first—U.S. Copyright Registration No. TX 2-124-202—was filed in 1987 (the 202 registration). Dkt. 46-1. The 202 registration certificate lists the title of the deposit materials[1] as "Transition: Accomplishing Organization Change," which she described as, "Entire text – Instrument to be used in developmental activities." Dkt. 46-1. The registration certificate also indicates the work was published, prompting the Copyright Office to purge the deposit materials. Dkt. 46-2 at 15-16. Although a copy of the deposit materials covered by the 202 registration is no longer available anywhere, Lippitt claims this chart, which we will refer to as the Managing Complex Change chart, was included:



Meanwhile, a special education expert named Dr. Tim Knoster (Knoster) came into possession of an almost identical chart, shared with him by a colleague who obtained it at a 1987 professional development presentation by Dr. Delorese Ambrose (Ambrose). Dkt. 46-7 at 14-16. Although Knoster never met Ambrose, he credited her as the originator when he incorporated the chart into presentations. *Id.* at 15, 21. An image of Knoster's chart, shown below, reads, "Figure 2: Adaptation of Ambrose's (1987) managing complex change model."

---

[1] A "deposit copy" is a duplicate of the copyrighted work that applicants are required to deposit with the Copyright Office when they apply for copyright protection. *See generally* 2 M. Nimmer & D. Nimmer, Nimmer on Copyright § 7.17 (2012).



Dkt. 46-9. Knoster also used this chart in the chapter he wrote for a book called "Restructuring for Caring and Effective Education," published in 2000 and reprinted in 2006. Dkt. 46-8.

In March 2000, Lippitt filed a second copyright—U.S. Copyright Registration No. TXu 956-226 (the 226 registration). Dkt. 46-12. The registration certificate lists the title of the work as "Leadership Spectrum: Targeting Results." *Id*. The registration certificate indicates the work was not derivative and did not incorporate preexisting materials. *Id*. During discovery Lippitt produced a copy of the deposit materials, which the Copyright Office still has on file because in this case Lippitt indicated the work had not been published. Dkt. 46-13. The following chart, which we will refer to as Aligning for Success-2000, appears at page 39 of the deposit materials:



ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 4

*Id*. at 39.

In 2003, Lippitt filed a third copyright—U.S. Copyright Registration No. TXu 5-827-350 (the 350 registration)—entitled, "Leading Complex Change: A Five Component Framework for Success." Dkt. 46-6. The 350 registration certificate indicates it is a derivative work of the 202 registration because it "Updates and summarizes 76 page manual Transition: Accomplishing Organization Change," describing the material added to this work as, "New chart on how the positive reaction to change is visible in an organization added to the last page * New [sic] explanations added." *Id*. Notably, the 350 registration does not mention the 226 registration even though it contains a nearly identical chart. We will refer to this one as the Aligning for Success-2003:

[Aligning for Success chart showing rows with combinations of Vision, Capabilities, Incentives, Resources, and Action Plan leading to outcomes: Success, Confusion, Anxiety, Restraint/Resistance, Frustration, False Starts]

Dkt. 46-14 at 4.

Soon after filing the 350 registration, sometime in 2003, Lippitt called Knoster on the telephone to tell him she was the original author[2] of the Managing Complex Change chart he had been using. Dkt. 46-7 at 12. Knoster, who is not a party to this case, accepted Lippitt's claim, and

---

[2] Only admissible evidence may be considered in ruling on a motion for summary judgment. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002); *see also* Fed. R. Civ. P. 56(e).

ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 5

1  even signed a letter Lippitt drafted for his signature, acknowledging that Lippitt and Enterprise
2  Management "are the sole copyright owner(s) of the Chart [contained in the book Knoster co-
3  authored]," that Knoster erroneously credited Ambrose as the author, and that Knoster would
4  stop using the chart. Dkt. 46-11 at 2; Dkt. 46-7 at 14-18.
5    In 2013, Defendant McConnell (McConnell), who is the CEO and majority owner of
6  Defendant Construx (a software development business), served as the President of the Bellevue
7  School Board. Dkt. 46-15 at 19. In this capacity he attended a presentation by the Auburn School
8  Board at the Washington State School Director's Conference. *Id*. The presentation included the
9  following chart, which we will refer to as the Auburn/Knoster chart:

**Managing Complex Change**

| VISION | + | SKILLS | + | INCENTIVES | + | RESOURCES | + | ACTION PLAN | = CHANGE |
|  |  | SKILLS | + | INCENTIVES | + | RESOURCES | + | ACTION PLAN | = CONFUSION |
| VISION | + |  |  | INCENTIVES | + | RESOURCES | + | ACTION PLAN | = ANXIETY |
| VISION | + | SKILLS | + |  |  | RESOURCES | + | ACTION PLAN | = RESISTANCE |
| VISION | + | SKILLS | + | INCENTIVES | + |  |  | ACTION PLAN | = FRUSTRATION |
| VISION | + | SKILLS | + | INCENTIVES | + | RESOURCES | + |  | = TREADMILL |

Adapted from Knoster, T. (1991) Presentation at TASH Conference, Washington DC
[Adapted by Knoster from Enterprise Group Ltd.]

Construx - 2834

18  Dkt. 46-16. As the legend indicates, Auburn "adapted" its chart from Knoster's. *Id*.
19    McConnell was impressed with the way this chart expressed complex organizational
20  change, so in 2016, he decided to use it in a book he was writing, and in a YouTube presentation.
21  Dkt. 46-15 at 12-15. McConnell reached out to Knoster to ask how to pronounce his name, and
22  Knoster replied that Lippitt was actually the originator of the Auburn/Knoster chart. Dkt. 46-15
23
24

ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 6

at 12-15; Dkt. 46-17. Knoster gave McConnell Lippitt's full name and the address of her website. *Id*.

McConnell proceeded to locate Lippitt's website, and while he could see that Lippitt worked in the organizational change space, he did not locate any charts.[3] Dkt. 46-15 at 12-15. Since McConnell found hundreds of exemplar charts online—most crediting Knoster but none crediting Lippitt—he concluded the content was public domain. Dkt. 46-15 at 12-15. Nevertheless, McConnell attributed his chart to both Knoster and Lippitt and labeled it "Lippit/Knoster Change Model" (We will refer to this chart as Change Model). This is a still of the Change Model chart used in McConnell's Youtube video:



Dkt. 46-16. McConnell also used the Change Model chart in his book, "More Effective Agile," and in business presentations. Dkt. 29 at 2. Lippitt claims McConnell's Change Model is an unauthorized copy or derivative of her Managing Complex Change chart, her Aligning for Success-2000 chart, and her Aligning for Success-2003 chart. Dkt. 29 at 2.

---

[3] Lippitt testified that she does not display charts on her website, although her Aligning for Success-2000 chart and/or her Aligning for Success-2003 are in publications offered for sale on the site. Dkt. 46-2 at 26. Lippitt does not keep records of the sale or distribution of her works, though, and therefore cannot prove McConnell purchased materials from her website. *Id.* at 33-34.

ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 7

## **STANDARDS**

Summary judgment is proper only if the pleadings, discovery, and disclosure materials on file, and any affidavits, show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"); *see also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

## **DISCUSSION**

Lippitt alleges McConnell violated her copyrights by copying and distributing, without authorization or approval, copies (or derivations) of her Managing Complex Change chart (protected by the 202-registration), her Aligning for Success-2000 chart (protected by the 226-registration), and her Aligning for Success-2003 chart (protected by the 350-registration). Dkt. 29. McConnell insists he could not have violated any of Lippitt's copyrights because the chart he copied (the Auburn/Knoster chart) predates her Aligning for Success-2000 and Aligning for Success-2003 charts by more than a decade, Lippitt cannot prove she holds a copyright over the

Managing Complex Change chart, and in any event none of Lippitt's work was widely disseminated. Dkt. 46.

A plaintiff who claims copyright infringement must show: (1) ownership of a valid copyright; and, (2) that the defendant copied protected aspects of the copyrighted work. *Rentmeester v. Nike*, Inc., 883 F.3d 1111, 1116-17 (9th Cir. 2018), overruled on other grounds by *Skidmore as Tr. for Randy Craig Wolfe Tr. v. Zeppelin*, 952 F.3d 1051 (9th Cir. 2020); *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004).

## I. **Lippitt has shown valid copyrights protecting the Aligning for Success-2000 chart and the Aligning for Success-2003 chart, but not the Managing Complex Change chart.**

According to McConnell, no genuine dispute exists that Lippitt's 202 registration protects the Managing Complex Change chart because she has no proof. Accordingly, McConnell argues he is entitled to summary judgment as to Lippitt's claim that he infringed her 202 registration. Dkt. 47 at 4-6.

Registration is a precondition to filing a copyright claim. *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010); *see also* 17 U.S.C. § 411(a). A plaintiff must prove the content of its registration because proof of copying requires a side-by-side comparison between the registered and the accused works. *Antonick v. Elec. Arts, Inc.*, 841 F.3d 1062, 1066 (9th Cir. 2016); *accord Airframe Sys., Inc. v. L–3 Commc'ns Corp.*, 658 F.3d 100, 107 (1st Cir. 2011) ("Having presented no evidence sufficient to prove the content of its registered source code versions, Airframe cannot show that any of its registered works is substantially similar to the allegedly infringing M3 program."); *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 146 (5th Cir. 2004) (per curiam) ("Without providing its own source code for comparison, [plaintiff] did not satisfy the requirement that the infringed and infringing work be compared side-by-side.").

1        Lippitt avers that the Managing Complex Change chart was included in her 202 registration deposit materials, as previously determined by *Enterprise Mgmt. Ltd., Inc. v. Warrick*, 717 F.3d 1112, 1119-20 (10th Cir. 2013), in which the Tenth Circuit reversed the district court's verbal grant of summary judgment in favor of the defendant, reasoning that "Lippitt has registered a variety of works containing versions of the diagram," and when underlying work is incorporated in a derivative work a valid copyright of the derivative work is sufficient to establish an infringement claim on the preexisting work. *Id*. at 1120 (citing *R.W. Beck, Inc. v. E3 Consulting, LLC*, 577 F.3d 1133, 1143 (10th Cir. 2009)).

        This problem with the *Warrick* court's analysis is that Lippitt cannot prove the Managing Complex Change chart was incorporated in her derivative work. The registration certificate for the 226 registration, which only contains one chart (Aligning for Success-2000), indicates "no" in response to the question, "Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?" Dkt. 46-12 at 3. And in the space to "[i]dentify any preexisting work or works that this work is based on or incorporates," Lippitt did not write anything, disavowing that the 226 registration was derivative of the 202 registration. *Id*. Furthermore, the registration certificate for the 350 registration does claim to be derivative of the 202 registration, but the "new chart" contained in the deposit materials (Aligning for Success-2003) is virtually identical to the Aligning for Success-2000 chart. While Lippitt may, indeed, have sought to update her 1987 work with the 350 registration, the addition of a "[n]ew chart on how the positive reaction to change is visible in an organization added to the last page," of the 350 registration deposit material was not derivative of the 202 registration. Dkt. 46-6.

        Next, Lippitt argues her copyright registrations are "prima facie evidence of the validity of the copyright and the facts stated in the certificate." Dkt. 47 at 4. While Lippitt is correct that

generally an authentic copyright registration certificate is sufficient to establish a valid copyright, the validity of the 202 registration is not the issue here, where McConnell does not contest the authenticity of the 202 registration certificate or the "facts stated in the ceritifcate," but the material it protects. *Alaska Stock, LLC v. Pearson Educ., Inc.*, 975 F. Supp. 2d 1027, 1040 (D. Alaska 2013); *see also Mercer Publ'g Inc. v. Smart Cookie Ink, LLC*, C12–0188JLR, 2012 WL 5879441, at *2 (W.D. Wash. Nov. 21, 2012) (rejecting the argument that a deposit copy is required to prove copyright ownership where defendants did not dispute the authenticity of the copyright registration certificates).

Thus, this Court finds that the 202 registration certificate, by itself, is insufficient to prove a valid copyright over the Managing Complex Change chart. *See e.g., Alaska Stock, LLC v. Pearson Educ., Inc.*, 975 F. Supp. 2d 1027, 1040 (D. Alaska 2013) (citing *Corbis Corp. v. Amazon.com*, LLC, 351 F. Supp. 2d 1090, 1114-1115 (W.D. Wash. 2004)(denying plaintiff's motion for summary judgment where the certificates of registration did not provide details necessary to confirm that the allegedly infringing image was protected by the registration, and deposit material had not been produced), overruled on other grounds by *Cosmetic Ideas, Inc. v. IAC / Interactivecorp*., 606 F.3d 612 (9th Cir. 2010).

Therefore, this Court grants Defendants' Motion for Summary Judgment as to Plaintiffs' claim that McConnell infringed Lippitt's 202 registration.

### II. **Lippitt has shown a genuine dispute about whether McConnell copied the Aligning for Success-2000 and the Aligning for Success-2003 charts.**

To prevail on her copyright infringement claim Lippitt must prove McConnell copied the Aligning for Success-2000 chart and/ or the Aligning for Success-2003 chart. Because these two charts are virtually identical, we will refer to them as the "Aligning charts" for simplicity.

This Court previously determined that Lippitt sufficiently alleged McConnell's Change Model is sufficiently similar to her Aligning charts to state an infringement claim and survive a Motion to Dismiss. *See* Dkt. 37 at 8-12. Now, to survive a Motion for Summary Judgment Lippitt must meet her burden of showing a triable issue of fact that McConnell copied her Aligning charts.

Since Lippitt lacks direct evidence of copying, she must show both that McConnell's Change Model is substantially similar to her Aligning charts "in their protected elements," and that McConnell had access to them. *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002); *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000). Substantial similarity is inextricably linked to the issue of access. In what is known as the 'inverse ratio rule,' [the Ninth Circuit] 'require[s] a lower standard of proof of substantial similarity when a high degree of access is shown.' *Shame on You Prods., Inc. v. Banks*, 120 F.Supp.3d 1123, 1148 (C.D. Cal. 2015)(citing *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 485 (9th Cir. 2000)).

Lippitt points to McConnell's use of her name on his Change Model, together with his testimony that he saw hundreds of examples online of charts similar to her Aligning charts around the time he created the Change Model, as circumstantial evidence of access. Dkt. 47 at 14, 19; Dkt. 46-15 at 12-15. In addition, Lippitt argues there are substantial similarities between the Knoster/Auburn chart McConnell admits to copying, and her Aligning charts. She points out that both charts use a series of five columns of rounded-edged cells connected by addition marks and equal signs to illustrate the cause and effect relationship of the concepts expressed therein, employing identical language (or synonyms in a couple cases), associated with the failure to account for any individual concept. Dkt. 47 at 14, 20.

McConnell argues that the use of cells connected by plus and equal signs are not protected elements, and in any event the format is widely employed by many similar charts online, though he also denies having copied those other charts. Dkt. 46-15 at 12-15. Since McConnell reportedly limited his copying to the Knoster/Auburn chart, which pre-dates the Aligning charts by almost a decade, he argues access is a physical impossibility. Dkt. 50 at 7-8.

This Court is unpersuaded by McConnell's version of events. McConnell admits that he knew (because Knoster told him) he was copying Lippitt's work. McConnell's incorrect assumption that Lippitt's work was public domain because so many others had also copied it does not absolve him of infringement. *DC Comics v. Towle*, 802 F.3d 1012, 1024 (9th Cir. 2015) (finding infringement even where defendant copied a derivative work). Whether McConnell can escape liability by convincing a trier of fact he did not copy a copy of the Aligning charts is a question for the trier of fact. However, this Court finds that on balance the similarities between the Change Model and the Aligning charts outweigh any doubts about access at this stage in the case.

Accordingly, summary judgment is denied as to the Aligning Charts, and Lippitt may try her claims that McConnell infringed the 226 registration and the 350 registration.

## **CONCLUSION**

Defendants' Motion for Summary Judgment (Dkt. 46) is granted in-part as to Plaintiffs' claim that McConnell infringed Lippitt's 202 registration and denied in-part as to Plaintiff's claim that McConnell infringed Lippitt's 226 registration and 350 registration.

Dated this 11th day of February, 2021.

David W. Christel
United States Magistrate Judge