UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ENTERPRISE MANAGEMENT LIMITED, INC., MARY LIPPITT,<br><br>Plaintiffs,<br>        v.<br><br>CONSTRUX SOFTWARE BUILDERS, INC, STEVE C. MCCONNELL,<br><br>Defendants. | CASE NO. 2:19-CV-1458-DWC<br><br>ORDER ON MOTION FOR RECONSIDERATION |

Presenting pending before the Court is Plaintiffs Enterprise Management Limited Inc. and Dr. Mary Lippitt's Motion for Reconsideration of the Court's Summary Judgment Order. Dkt. 164. After review of the relevant record, the Motion for Reconsideration (Dkt. 164) is denied.

## I.    Background

On March 1, 2024, the Court granted Defendants Construx Software Builders, Inc. and Steve C. McConnell's Partial Motion for Summary Judgment (Dkt. 139) and denied Plaintiffs' Motion for Summary Judgment (Dkt. 140). Dkt. 163. Specifically, the Court found summary judgment in favor of Defendants, and against Plaintiffs, was appropriate regarding Plaintiffs'

claim of copyright infringement as to the Aligning Chart. The Court found, however, that there was a genuine issue of material fact regarding whether Plaintiffs have ownership of a valid copyright for the Managing Chart. Additionally, the Court found there were genuine issues of material fact regarding whether Defendants copied the Managing Chart or a derivative of the Managing Chart and, as such, Plaintiffs did not show it was appropriate to find Defendants copied the Managing Chart.[1]

On March 15, 2024, Plaintiffs filed the pending Motion for Reconsideration, including new evidence. Dkts. 164, 165. In the Motion, Plaintiffs assert the Court committed manifest error when it: (1) determined the Managing Chart could not be strikingly similar to the Auburn Chart and (2) "misapprehended the evidence regarding Lippitt's use of her Aligning Chart, and failed to account for the Auburn Chart's attribution to Enterprise." Dkt. 164 at 7. On April 10, 2024, the Court directed Defendants to file a response. Dkt. 166. The Court stated that it will not accept a reply. *Id*. On April 22, 2024, Defendants filed their Response. Dkt. 167.

## II.    Discussion

Pursuant to Local Civil Rule 7(h), motions for reconsideration are disfavored and will be denied absent a showing of manifest error or a showing of new facts or legal authority which could not have been presented earlier with reasonable diligence. "A motion for reconsideration cannot be used to ask the Court to rethink what the Court has already thought through merely because a party disagrees with the Court's decision." *In re Outlaw Lab'y, LP Litig.*, 2020 WL 3469387, at *2 (S.D. Cal. June 25, 2020) (internal quotations omitted). "Such disagreements

---

[1] The Court also found only one statutory award was permissible in the event infringement can be proven. Plaintiffs do not seek reconsideration of this determination.

1    should be dealt with in the normal appellate process, not on a motion for reconsideration."

2    *Shields v. Frontier Tech., LLC*, 2011 WL 13157066, at *1 (D. Ariz. Oct. 19, 2011).

3          The Court notes Plaintiffs have attempted to introduce new evidence in the Motion for

4    Reconsideration without meeting the Rule 7(h) standard. Plaintiffs submitted new evidence with

5    the Motion for Reconsideration and cited to evidence not previously cited to in the summary

6    judgment briefing. *See* Dkts. 164, 165. Plaintiffs have not argued the new evidence submitted

7    with their Motion for Reconsideration could not have been presented earlier with reasonable

8    diligence. In fact, counsel does not acknowledge that Plaintiffs are attempting to use the Motion

9    for Reconsideration to supplement the record and their summary judgment briefing. As Plaintiffs

10   have not shown the new evidence could not have been submitted or cited to earlier, the Court

11   declines to consider evidence that is newly submitted or newly cited to in the Motion for

12   Reconsideration.

13         Plaintiffs also attempt to argue the Court committed manifest error because evidence in

14   the record supports a different result. However, Plaintiffs have not shown the Court failed to

15   properly consider evidence presented by the parties in the motions for summary judgment or the

16   briefs filed in support. For example, in the Motion for Reconsideration, Plaintiffs cite to Lippitt's

17   declaration (Dkt. 142, Lippitt Dec. ) when arguing the Court misapprehended the extent of

18   Lippitt's use of her Aligning Chart. Dkt. 164. The Court considered Plaintiffs' evidence and

19   determined Lippitt's declaration was not sufficient to show access to the Aligning Chart. *See*

20   Dkt. 163 at 17. Plaintiffs' disagreement with the Court's consideration of the evidence is merely

21   an attempt to re-litigate the summary judgment motions and present arguments that could have

22   been raised in the summary judgment briefs.

23

24

1        Additionally, as with the summary judgment briefing, in the Motion for Reconsideration,

2 Plaintiffs provide new and renewed arguments based on speculation and conjecture. Dkts. 164,

3 165. This is not sufficient to warrant reconsideration. For example, Plaintiffs now attempt to

4 develop an argument showing the creators of the Auburn Chart could have viewed the Aligning

5 Chart through Lippitt's work at Seattle University. Plaintiffs, however, fail to show, nor does this

6 Court find, this argument was properly raised in the summary judgment briefing. Further,

7 Plaintiffs fail to show they cited to evidence in the summary judgment briefing that created a

8 genuine issue of material fact regarding Lippitt's work at Seattle University and how that work

9 created a *reasonable* connection from the Aligning Chart to the Auburn Chart. Rather, Plaintiffs'

10 argument is based on conjecture without proper evidentiary support.

11        Plaintiffs' arguments rest on assertions that the Court did not properly consider the

12 evidence in the record. Dkt. 164. While the Court can consider all documents in the record when

13 ruling on a motion for summary judgment, the Court "need consider only the cited materials."

14 Fed.R.Civ.P. 56(c)(3). Plaintiffs fail to show the Court did not consider the materials cited in the

15 summary judgment briefing. Further, as stated above, Plaintiffs now attempt to rely on new

16 evidence or materials that were not cited in the summary judgment briefing. Plaintiffs have not

17 shown the Court failed to consider the materials cited in the summary judgment briefing and fail

18 to show the Court's consideration of the cited evidence resulted in manifest error.

19     **III.**    **Conclusion**

20        A review of the Motion for Reconsideration shows Plaintiffs are attempting to relitigate

21 the motions for summary judgment and attempting to set forth new evidence and new arguments

22 that should have been raised in the summary judgment briefing. This is insufficient to warrant

23

24

ORDER ON MOTION FOR RECONSIDERATION
- 4

1   reconsideration of the Court's Summary Judgment Order. Therefore, the Motion for

2   Reconsideration (Dkt. 164) is denied.

3        Dated this 25th day of April, 2024.

4

5        _____
         David W. Christel
6        United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON MOTION FOR RECONSIDERATION
- 5